IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RICHARD A. WHITE,

        Petitioner,

v.                                              CIVIL ACTION NO. 2:19-cv-00121

DONALD F. AMES,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Respondent's Motion for Summary Judgment, (ECF No. 12), on Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition for Writ of Habeas Corpus" or "Petition"), (ECF No. 2), and Petitioner's Motion for Default Order, (ECF No. 24). By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 3.) On February 9, 2021, Magistrate Judge Tinsley filed a PF&R, (ECF No. 33), recommending that this Court deny Petitioner's Motion for Default Order, grant Respondent's Motion for Summary Judgment, and dismiss this matter from the docket of the court. After receiving an extension to file his objections, Petitioner filed an objection to the PF&R on March 15, 2021. (ECF No. 38.)

      For the reasons discussed herein, the Court **OVERRULES** Plaintiff's Objection, (ECF No. 38; **ADOPTS** the PF&R, (ECF No. 33); **DENIES** Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 2); and **DISMISSES** this action from the docket of the Court.

1

## I. BACKGROUND

Petitioner filed his Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, on February 9, 2019. (ECF No. 2.) In this Petition, Petitioner raises ten grounds on which he is seeking habeas relief. (ECF No. 2.) The first seven grounds state that Petitioner received ineffective assistance of counsel during his trial. (ECF No. 2 at 7-23.) The eighth ground argues that Petitioner was denied his right to a fair, impartial, and objective jury because "at least one (1) juror . . . had predetermined the guilt of the Petitioner before the close of evidence" and "at least one (1) juror . . . possessed a bias and prejudice that goes to the very heart of this case." (ECF No. 2 at 23-26.) In Ground 9, Petitioner contends he did not receive a fair trial because the State withheld evidence pertaining to "the body being moved by Ms. Stewart." (ECF No. 2 at 26-28.) Lastly, Ground 10 claims that there was insufficient evidence at trial to convict him of first-degree murder, the offense for which he was indicted and tried. (ECF No. 2 at 28-31.)

The complete factual and procedural history of Petitioner's direct appeal and habeas proceedings in state court, as well as a detailed discussion of Petitioner's claims in his federal habeas petition are set forth in the PF&R and, thus, will not be repeated here. The Court will, however, provide discussion of any relevant facts from Petitioner's original criminal case as necessary throughout this opinion to resolve Petitioner's objections and as background for the two motions presently pending before the Court.

Respondent filed his Motion for Summary Judgment March 2, 2020, (ECF No. 11), which seeks to have all of plaintiff's claims and grounds for habeas corpus dismissed with prejudice. Petitioner responded to this Motion on April 22, 2020 after receiving an extension of time to do so. (ECF No. 22; *see* ECF No. 17.) Respondent did not file a reply for his Motion for Summary Judgment. Respondent's lack of reply seemingly led Petitioner to file his Motion for Default Order

on August 12, 2020. (ECF No. 26.) No response was filed to the Motion for Default Order. Despite Respondent's lack of reply to his Motion for Summary Judgment, Petitioner filed what was construed by the Magistrate Judge to be an unauthorized sur-reply.[1] (ECF No. 26; *see* ECF No. 31.) At this juncture, the deadline to respond or reply to the Motion for Default Order and Motion for Summary Judgment has passed and, thus, the motions are ripe for adjudication.

## II. STANDARD OF REVIEW

### A. Review of Magistrate Judge's Findings and Recommendations

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff objects, this Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### B. Habeas Corpus Standard of Review

A federal court may grant habeas relief for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

---

[1] For the reasons set forth in the PF&R, this Court believes the arguments in Petitioner's unauthorized sur-reply to be without merit and, as such, chooses not to address the matters contained in the unauthorized sur-reply. (*See* ECF No. 33 at 6.)

3

§ 2254(a). "Therefore, when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review." *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999), *aff'd*, 528 U.S. 225 (2000).

Section 2254(d), as modified by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides for a deferential standard of review to be applied to any claim that was "adjudicated on the merits" in state court proceedings. In such a case, a federal court may grant habeas relief only if the adjudication of the claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) describes the standard of review to be applied to claims challenging how the state courts applied federal law. "A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case." *Id.* The latter inquiry focuses on whether the state court's application of clearly established federal law was "unreasonable," as distinguished from whether it was "correct." *See Renico v. Lett*, 559 U.S. 766, 773 (2010); *Bell*, 535 U.S. at 694; *Williams v. Taylor*, 529 U.S. 362, 410 (2000).

Section 2254(d)(2) describes the standard to be applied to claims challenging how the

state courts determined the facts. "[A] determination of a factual issue made by a State court [is] presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "The phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." *Thomas v. Taylor*, 170 F.3d 466, 475 (4th Cir. 1999); *see also Harrington v. Richter*, 562 U.S. 86, 98 (2011) (recognizing that § 2254(d) applies even if the state court issued a summary decision unaccompanied by an explanation). The state court determination will be upheld so long as "fair-minded jurists could disagree" on its correctness. *Yarbrough v. Alvarado*, 541 U.S. 652, 664 (2004).

  C. *Summary Judgment*

Rule 12 of the Rules Governing Section 2254 Cases ("Habeas Corpus Rules") states that the "Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or these rules," are applicable to habeas corpus proceedings. Summary judgment, therefore, may be appropriate in federal heabeas corpus cases and allows a court to assess the need for an evidentiary hearing. *See Blackledge v. Allison*, 431 U.S. 63, 81 (1977). Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. This rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Under this well-known standard, the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Liberty Lobby*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." (citation omitted)).

5

The standard of viewing the evidence in the light most favorable to the nonmoving party, however, conflicts with § 2254(e)(1)'s dictate that a state court's factual determinations are presumed correct and may only be rebutted by clear and convincing evidence. *See Gentry v. Sinclair*, 576 F.Supp.2d 1130, 1140 (W.D. Wash. 2008). Accordingly, the requirements of 28 U.S.C. § 2254(e) trump Rule 56 to the extent that the summary judgment standard conflicts with the AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir.2002) ("While, as a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases, the rule applies only to the extent that it does not conflict with the habeas rules. Therefore, § 2254(e)(1)—which mandates that findings of fact made by a state court are 'presumed to be correct'—overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.") (internal citation and quotation marks omitted), *abrogated on other grounds by* Tennard v. Dretke, 542 U.S. 274, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004); *see also Haight v. Parker*, Civ. Action No. 3:02-CV-206-S, 2015 WL 13548182 at *13 (W.D. Ky. July 17, 2015); *Gentry*, 576 F.Supp.2d at 1140.

"[W]hile those facts tending to demonstrate the unconstitutionality of state custody are material, due to the statutory presumption of correctness, the petitioner faces a comparatively higher burden in establishing the genuineness (or hearing worthiness) of contested facts." *Haight*, 2015 WL 13548182 at *13 (quoting Hauck v. Mills, 941 F.Supp. 683, 687 (M.D. Tenn. 1996)). While cognizant of the tension between the provisions of the AEDPA, Habeas Corpus Rule 12, and the summary judgment standard, the Court finds that summary judgment is appropriate in this matter.

## III. DISCUSSION[2]

The Petition for Writ of Habeas Corpus raises ten grounds on which Petitioner claims he is being held in violation of the Constitution, laws, or treaties of the United States. (ECF No. 2.) The PF&R analyzes these ten grounds and Respondent's Motion for Summary Judgment and, ultimately, recommends that this Court grant Respondent's Motion for Summary Judgment and dismiss the Petition for Writ of Habeas Corpus. (ECF No. 33.) Petitioner appears to only object to the PF&R to the extent that it fails to consider claims that were not asserted and exhausted in the state court proceedings. (ECF No. 28 at 2.) This objection will be examined more fully herein as required by 28 U.S.C. § 636(b)(1)(C). Additionally, this Court, on its own accord, will also expand on the PF&R analysis of Petitioner's second ground for his Writ of Habeas Corpus.

A.  *Petitioner's Objection to PF&R*

Petitioner's objection is difficult to comprehend, but his objection seems to be that his trial attorney failed to investigate certain alleged occurrences that could have supported his self-defense argument and that this failure should have been considered by the PF&R as it amounted to ineffective assistance of counsel. (ECF No. 28 at 2.) Petitioner's objection appears to be an expansion of the arguments of ineffective assistance of counsel raised by Petitioner in his Response to Respondent's Motion for Summary Judgment ("Response"). (*See* ECF No. 21.) Petitioner's Response and his objection to the PF&R attempt to raise, for the first time, a *Brady* claim regarding evidence related to a pressure cooker lid and its use in the altercation at issue in Petitioner's underlying case. (ECF Nos. 21, 28.)

---

[2] Petitioner does not object to the PF&R's recommended ruling on the Motion for Default Order. Accordingly, this Court **ADPOTS** the PF&R to the extent it **DENIES** the Motion for Default Order without further discussion or analysis. This Discussion section will focus on Petitioner's objections to the PF&R, Respondent's Motion for Summary Judgement, and the Petition for Writ of Habeas Corpus.

Petitioner's Petition for Writ of Habeas Corpus does not assert this claim nor was this claim asserted and exhausted in the related state court proceedings. (*See* ECF No. 2.) Pursuant to 28 U.S.C. § 2254(b)(1), if an effective corrective process exists at a state level, then a district court can only entertain an application for a writ of habeas corpus if "the applicant has exhausted the remedies available in the courts of the State[.]" Here, not only does an effective corrective process exist but the process was employed by Petitioner in this case for other claims and alleged violations. (*See* ECF Nos. 2, 13-28, 13-29, 13-30, 13-31, 13-32.) Yet—despite using this state level process to address some of his concerns—Petitioner failed to raise this *Brady* claim until his Response to Respondent's Motion for Summary Judgment in this federal habeas proceeding.[3] (*See* ECF No. 21.) In other words, this purported *Brady* claim was not raised and exhausted in the state court proceedings. Accordingly, this claim is not properly before this Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner *must* exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.") (internal citations and quotations omitted). For the foregoing reasons, Petitioner's objection is **OVERRULED**.

      B.      *Ground 2 of Petition for Writ of Habeas Corpus*

Ground 2 of the Petition contends that Petitioner was denied effective assistance of counsel when trial counsel precluded Petitioner from testifying on his own behalf. (ECF No. 2 at 9-10.) Petitioner states that while he was informed of his right to testify, he could not and did not testify because his trial counsel rested his defense before Petitioner was given the chance to testify. (ECF

---

[3] To the extent Petitioner argues that he properly raised this *Brady* claim at the state level, Petitioner fails to meet his burden of demonstrating that this claim was raised and exhausted at the state court level. *See Jones v. Sussex I State Prison*, 591 F.3d 707, 712 (4th Cir. 2010) (quoting *Mallory v. Smith*, 27 F.3d 991, 995)(4th Cir. 1994) ("[T]he burden of demonstrating fair presentment [at the state court level] lies with the habeas petitioner, who must 'do more than scatter some makeshift needles in the haystack of the state court record.'")).

No. 2 at 9-10.) Petitioner contends that his trial counsel's conduct was unreasonable. Conversely, Respondent—in his Motion for Summary Judgment—argues that Petitioner was informed of his right to testify or remain silent and voluntarily choose to remain silent. (ECF No. 13 at 19.) Respondent further draws attention to the lack of evidence in the record that trial counsel willfully precluded Petitioner from testifying and notes that the state habeas court found that "to the extent that Mr. Forbes advised the Petitioner not to testify, that advice was a strategic decision, and a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case[.]" (ECF No. 13 at 18.)

There is a two-prong test for determining whether a defendant received adequate assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). Under this test, a defendant must show (1) "that counsel's performance was deficient[,]" which requires a "showing that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "that the deficient performance prejudiced the defense[,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. To evaluate the performance of an attorney, the proper standard is one of "reasonably effective assistance[,]" and to succeed on an claim of ineffective assistance of counsel, a convicted defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

As it pertains to the second prong of the *Strickland* test, the burden is on the petitioner to show prejudice. *See, e.g., Strickland*, 466 U.S. at 698; *Hutchins v. Garrison*, 724 F.2d 1425 (4th Cir. 1983). More specifically, a petitioner may not merely speculate about potential prejudice but

must "affirmatively prove" that the result of the proceedings would have been different but for the deficient performance of trial counsel. *Id.* at 693.

As the PF&R notes, the Circuit Court determined that Petitioner fully knew of and understood his right to testify and "that, to the extent Forbes advised him not to testify, that advice was a reasonable and strategic decision."[4] (ECF Nos. 13-27 ¶ 15, 33 at 17.) To support this finding, the Circuit Court found that, "[a]t the close of the State's case, the Court informed Petitioner on the record of his right to testify or his right to remain silent." (ECF No. 13-27 at 13.) More specifically, the trial court transcript shows that the court stated:

> Now, my responsibility at this point, Mr. White, is that I want to tell you that you have the right to testify in this case.
>
> You have two rights as it relates to your testimony in this case. One is that you have the right to testify if you desire to do so, and neither me or the prosecutor or even your lawyer can prevent you from testifying if you desire to do so.
>
> I don't advise that, but you can consult with your lawyer and make the decision as to whether you wish to do that.
>
> Now if you elect to remain silent, the State can make no comment to the jury concerning the fact that you did not testify. And if you request, I would instruct the jury that they cannot consider or discuss the fact that you did not testify in arriving at a decision in your case.
>
> The State will not be allowed to mention it in any manner whatsoever.
>
> So, at this point, you have, as you begin your case, you have a decision to make as to whether you wish to testify or not; and those are your two options. Do you understand that?

(ECF No. 13-5 at 80:1-81:2.) In response to this question from the court, Petitioner affirmatively stated: "Yes, sir." (ECF No. 13-5 at 83:3; *see* ECF No. 13-27 at 13.) Shortly thereafter, Petitioner's trial counsel indicated that the defense was prepared to call one witness then planned

---

[4] The Supreme Court of Appeals of West Virginia affirmed that decision. (ECF No. 13-31.)

10

to discuss whether Petitioner would testify. (ECF No. 13-27 at 13.) After the defense called its one witness and Petitioner was fully informed of his right to testify or remain silent as described above, Petitioner did not testify. (ECF No. 13-27 at 13.) This Court finds nothing in the record to dispute the Circuit Court's finding that Petitioner fully knew of and understood his right to testify and the conclusions drawn from this in the PF&R.

Further, this Court notes the lack of affirmative proof presented by Petitioner to demonstrate that the result of Petitioner's trial would have been different but for the deficient performance of trial counsel.[5] *See Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") Merely stating that counsel's conduct "places the outcome of the underlying trial in doubt" is insufficient proof for a successful claim of ineffective assistance of counsel. (*See* ECF No. 2 at 9-10.) This second and vital element of the *Strickland* standard must be met to succeed on a claim for ineffective assistance of counsel and, without it, Petitioner cannot succeed on this (or any other claim) of ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687 (stating that unless a petitioner satisfies both the first and second prongs, "it cannot be said that the conviction … resulted from a breakdown in the adversarial process.")

The burden here is on the Petitioner to provide proof of prejudice, and Petitioner fails to provide that proof. Thus, this Court **ADOPTS** the PF&R subject to the additional analysis of Ground 2 herein.

---

[5] By providing this expanded analysis, the Court does not contradict the findings in the PF&R that Petitioner failed to demonstrate "that Forbes' conduct fell below an objective standard of reasonableness with respect to the decision of whether Petitioner should testify at his trial." (ECF No. 33 at 17.) Rather, this Court merely wishes to expand upon PF&R's analysis by providing a closer examination at the second prong of the *Strickland* test.

## IV. CONCLUSION

Accordingly, the Court **OVERRULES** Petitioner's object, (ECF No. 28); **ADOPTS** the PF&R, (ECF No. 33), subject to the additional analysis herein; **DENIES** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 2); and **DISMISSES** this action from the docket of the Court. The Court **DIRECTS** the Clerk to remove this case from the Court's active docket.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Because Petitioner has not made a substantial showing of the denial of a constitutional right in the § 2254 Petition and objections to the PF&R, the Court **DENIES** a certificate of appealability. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

13

ENTER: March 31, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE

13